# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**JAMES ADAM WELLS**                                         **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 4:16-CV-00084-JHM**

**DAVIESS COUNTY DETENTION CENTER**              **DEFENDANT**

## MEMORANDUM OPINION

On July 5, 2016, Plaintiff James Adam Wells initiated the instant 42 U.S.C.

§ 1983 action by filing a *pro se* complaint (DN 1) and a prisoner application to proceed without

prepayment of fees (DN 3). By Order entered on July 6, 2016, the Court denied as moot

Plaintiff's prisoner application to proceed without prepayment because Plaintiff was no longer a

prisoner (DN 5). The Court then directed Plaintiff to either pay the filing fee or file a non-

prisoner application to proceed without prepayment of fees within 30 days from entry of the

Order. The Order warned Plaintiff that failure to comply with the Order would result in

dismissal of this action. Over 30 days have passed since the entry of the Order, and Plaintiff has

not responded to the Order or taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal

of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se*

litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a

case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se

litigants has limits. Where, for example, a pro se litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 5) or taken any action in response to the Court's Order, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: September 14, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4414.011

2